

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-29-2003

# USA v. Livingston

Precedential or Non-Precedential: Non-Precedential

Docket 02-1454

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Livingston" (2003). *2003 Decisions*. Paper 614.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/614

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 02-1454


UNITED STATES OF AMERICA

v.

ANTHONY L. LIVINGSTON

Anthony Livingston,
Appellant


On Appeal from the United States District Court
for the District of New Jersey
D.C. Criminal No. 01-cr-00465
(Honorable Jerome B. Simandle)


Argued February 27, 2003

Before: SCIRICA, GREENBERG and GIBSON*, Circuit Judges

(Filed : April 28, 2003)

PAUL M. PERLSTEIN, ESQUIRE (ARGUED)
P.O. Box 834
Doylestown, Pennsylvania 18901

        Attorney for Appellant


_____

    *The Honorable John R. Gibson, United States Circuit Judge for the Eighth Judicial
Circuit, sitting by designation.

GLENN J. MORAMARCO, ESQUIRE (ARGUED)
Office of United States Attorney
Camden Federal Building & Courthouse
401 Market Street, 4th Floor
P.O. Box 2098
Camden, New Jersey 08101

GEORGE S. LEONE, ESQUIRE
Office of United States Attorney
970 Broad Street, Room 700
Newark, New Jersey 07102

       Attorneys for Appellee

---

OPINION OF THE COURT

---

SCIRICA, <u>Circuit</u> <u>Judge</u>.

### I.

Anthony Livingston appeals from the District Court's grant of a two level upward departure under U.S.S.G. § 4A1.3, which was based on Livingston's extensive criminal history and likelihood of recidivism.[1]

### II.

Livingston admitted to robbing eight Southern New Jersey banks between December 14, 2000 and January 23, 2001 with the same modus operandi: using a hand-written demand note that stated, in substance, "this is a robbery, I have a gun, I will shoot

---

[1] We have jurisdiction under 28 U.S.C. § 1291.

you, put all the money in the bag, fast." On January 23, 2001, Livingston was arrested and found in possession of one of these notes. He pleaded guilty to an eight count information charging him with eight bank robberies. Prior to sentencing, a presentence report determined Livingston had 31 prior adult criminal convictions, resulting in 26 criminal history points which placed him in Criminal History Category VI, the top criminal history category. At the sentencing hearing the government moved for an upward departure based on Livingston's extensive criminal history. The District Court granted a two level upward departure, raising Livingston's total offense level from level 29 to level 31.[2] Livingston was sentenced to a 220 month term of imprisonment, which was within his new sentencing guideline range of 188 to 235 months. Livingston now appeals, challenging the two level upward departure.

### III.

The decision to grant an upward departure is subject to deferential review for abuse of discretion. <u>Koon v. United States</u>, 518 U.S. 81, 98-100 (1996). Livingston contends that, in deciding to grant a two level upward departure, the District Court abused its discretion by failing to properly follow the "ratcheting" procedure set forth in <u>United States v. Hickman</u>, 991 F.2d 1110 (3d Cir. 1993), and <u>United States v. Harris</u>, 44 F.3d 1206 (3d Cir. 1995).

---

[2]The District Court noted that Criminal History Category VI requires 13 criminal history points. Livingston had 26 criminal history points, and would have had 43 criminal history points if all his prior convictions were counted.

We will affirm.

## IV.

Under U.S.S.G. § 4A1.3, "If reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes, the court may consider imposing a sentence departing from the otherwise applicable guideline range." U.S.S.G. § 4A1.3. In explaining the means of calculating the extent of a departure, § 4A1.3 states:

> In considering a departure under this provision, the Commission intends that the court use, as a reference, the guideline range for a defendant with a higher or lower criminal history category, as applicable. For example, if the court concludes that the defendant's criminal history category of III significantly under-represents the seriousness of the defendant's criminal history, and that the seriousness of the defendant's criminal history most closely resembles that of most defendants with Criminal History Category IV, the court should look to the guideline range specified for a defendant with Criminal History Category IV to guide its departure.

Id.

In Hickman we said that, in deciding to grant an upward departure, a sentencing court must proceed sequentially through the next higher criminal history categories until the court arrives at a category that adequately reflects the seriousness of a defendant's past criminal conduct. Hickman, 991 F.2d at 1114 (". . . [T]he court is obliged to determine which category (of those higher than the category originally calculated for the defendant) best represents the defendant's prior criminal history. The court then uses the

4

corresponding sentencing range to 'guide its departure.' Moreover, the court is obliged to proceed sequentially through these categories. It may not move to the next higher category until it has found that a prior category still fails to adequately reflect the seriousness of the defendant's past criminal conduct."). We explained in Harris that Hickman ". . . does not 'require the district court to go through a ritualistic exercise in which it mechanically discusses each criminal history category it rejects en route to the category that it selects.' Hickman and the objective of the § 4A1.3 ratcheting process do require, however, that the sentencing court's reasons for rejecting each lesser category be clear from the record as a whole." 44 F.3d at 1212.

## V.

In this case, the District Court properly proceeded through the criminal categories in assessing the appropriate sentencing level for Livingston. In imposing the two level upward departure, the District Court sequentially considered and rejected a one level upward departure before exercising its discretion to impose a two level upward departure. The District Court said:

> Now, I'm instructed by the Guideline commentary to depart upward no greater than is necessary to achieve the goals of the sentencing Guidelines and especially the goals of punishment and deterring future misconduct. If I were to depart upward one level, then the new range would be 168 to 210 months, and I find that 210 months would not be sufficient in these circumstances. We're dealing here with eight bank robberies in which tellers are put in fear of their lives, and we're dealing with a history, not counting the bank robberies, of 43 other criminal history points, if all of them are counted, and we're also dealing with a strong threat that was made from prison to someone he believed to be a witness in this case. I am going

5

to depart one more level to Level 31, Criminal History Category VI, and this will be a range of 188 to 235 months. And I find that . . . to sentence in that range, especially toward the upper end of it, would be the appropriate sentence for Mr. Livingston.

Thus, the District Court considered and rejected a one level upward departure and, therefore, did not abuse its discretion in imposing the two level upward departure.

Furthermore, the record as a whole makes clear the District Court's reasons for rejecting each lesser category of criminal history. Livingston had 26 criminal history points, which is double the amount necessary to qualify for Criminal History Category VI. Moreover, but for the application of U.S.S.G. § 4A1.1(c), which permits a maximum of four criminal history points for criminal convictions involving a sentence of 60 days or less, Livingston would have had a total of 43 criminal history points. His prior adult criminal convictions include drug possession with intent to distribute, burglary, theft, receiving stolen property, and escape. The District Court judge noted that Livingston's criminal history was one of the most extensive of any he had seen in his 18 years on the bench and that Livingston was on probation and out of jail only two months when he committed the eight bank robberies. The robberies took place over a short period of time, which the District Court found indicative of Livingston's likelihood of recidivism. While in prison, Livingston wrote a threatening letter to a potential witness in the case and made repeated threats to her because he believed she was cooperating with the government. Based on this evidence from the record as a whole, the District Court properly exercised its discretion when it rejected the lesser category of criminal history.

## VI.

For the reasons outlined, we find no abuse of discretion and will affirm the two level upward departure.

———————————

TO THE CLERK:

     Please file the foregoing opinion.

/s/ Anthony J. Scirica
Circuit Judge